**GEOSEARCH, INC., Plaintiff,**

v.

**Cecil D. ANDRUS, Secretary of the Interior; Daniel P. Baker, State Director, Wyoming State Office, Bureau of Land Management, Department of the Interior, Glenna M. Lane, Chief, Oil and Gas Section, Wyoming State Office, Bureau of Land Management, Department of the Interior; Peter V. Gallo and Resource Service Company, Inc., Defendants.**

**No. C79–350K.**

United States District Court,
D. Wyoming.

Aug. 8, 1980.

ORDER OF DISMISSAL

(With Findings)

KERR, District Judge.

The above-entitled matter coming on regularly for hearing before the Court upon an appeal by Geosearch, Inc. from an adverse decision of the Interior Board of Land Appeals, the plaintiff appearing by and through its attorneys, Melvin E. Leslie and Todd S. Welch, and defendants appearing by and through their attorneys, Harold J. Baer and Jerome F. Statkus, and the Court having heard the arguments of counsel in support of and in opposition to the merits of said appeal, and having carefully examined the record, the memoranda briefs of the parties, and all matters pertinent thereto, and having taken said matter under advisement, and being fully advised in the premises;

FINDS that this is an appeal from a decision of the Interior Board of Land Appeals (IBLA) affirming the issuance of lease WY–1422 to the first drawee, Peter V. Gallo, in a drawing held under the Mineral Leasing Act, 30 U.S.C. § 181 et seq.

The material facts are not in dispute and may be related as follows:

Plaintiff Geosearch, Inc. (Geosearch) is an organization which sends out standardized form letters to second drawees under the simultaneous oil and gas leasing system. Geosearch offers to research any possible errors on the part of the first drawee in an effort to have the lease issued to the second drawee. Geosearch pays all of the expenses involved in contesting the issuance of the lease to the first drawee in return for a percentage should the protest be successful and the lease issue to the second drawee.

In accordance with its contract with H. J. Jaindl, the second drawee on lease WY–1422, Geosearch filed a protest with the Wyoming State Bureau of Land Management (BLM). On December 27, 1978 the protest was dismissed by Mrs. Glenna M. Lane, Chief, Oil and Gas Section of the Wyoming State BLM. Geosearch filed a timely request for appeal with the IBLA. In a decision dated May 14, 1979, the IBLA affirmed the decision of the Wyoming State BLM.

The Mineral Leasing Act authorizes the Secretary of the Interior (Secretary) to issue leases and to enforce the Act.

Jurisdiction of this Court is found in 28 U.S.C. § 1331 and in 30 U.S.C. § 226–2. An appeal must be commenced after a final decision of the Secretary regarding oil and gas leases within 90 days pursuant to 30 U.S.C. § 226–2. A final decision of the Secretary is defined at 43 C.F.R. 4.24(c) and that section states:

(c) Finality of decision. No further appeal will lie in the Department from a decision of the Director or an Appeals Board of the Office of Hearings and Appeals. Unless otherwise provided by regulation, reconsideration of a decision may be granted only in extraordinary circumstances where, in the judgment of the Director or an Appeals Board, sufficient reason appears therefor. Requests for reconsideration must be filed *promptly* or within the time required by the regulations relating to the particular type of proceeding concerned, and must state with particularity the error claimed. *The filing and pendency of a request for reconsideration shall not operate to stay the effectiveness of the decision involved unless so ordered by the Director or an Appeals Board.* A request for reconsideration need not be filed to exhaust administrative remedies. [Emphasis added]

The clear and imperative language of the regulation states that an IBLA decision is final for the purpose of beginning the 90 day appeal period for judicial review unless a stay has been ordered by the Director or the Appeals Board. A petition for reconsideration was filed by Geosearch on August 10, 1979. Reconsideration was denied by the IBLA on August 16, 1979. A thorough search of the Wyoming State BLM case file

regarding lease WY–1422 reveals no order granting a stay of the IBLA decision pending reconsideration. If a stay had been obtained by Geosearch, the appeal to this Court would have been timely if made within 90 days after the petition for reconsideration was denied. There is no evidence, however, that Geosearch even attempted to stay the original IBLA decision. Regardless of whether the attempt was actually made or not, there is no order granting a stay pending reconsideration in the Wyoming State BLM case file.

*Tallman v. Udall*, 324 F.2d 411 (C.A.D.C. 1963) construes 30 U.S.C. § 226–2 to mean that the 90 day appeal period started on the date of the reconsideration decision. After the *Tallman* case, regulations on the finality of the Secretary's decisions on oil and gas leases were implemented. 43 C.F.R. 4.21(c), defining finality of decisions, was implemented in 1971, eight years after *Tallman*. See 36 F.R. 7186. The language of the regulation is very specific and states, as noted above, "the filing and pendency of a request for reconsideration shall not operate to stay the effectiveness of the decision involved unless so ordered by the Director or an Appeals Board."

The 90 day period for judicial appeal in the instant case started on May 14, 1979 when the IBLA decision was final. The Complaint was filed on November 14, 1979, some three months after the expiration of the appeal period.

When an appeal is not filed in a timely fashion, the recourse of the Court is to dismiss the Complaint. *Rucker v. Adams*, Slip Opinion No. 79–2236 (10th Cir., August 5, 1980).

NOW, THEREFORE, IT IS

ORDERED upon the Court's own motion that the Complaint, together with the cause, be and the same is hereby dismissed for want of jurisdiction.