801 F.2d 1250
 GEOSEARCH, INC., Wesley T. Fishlock, Joe Jennings, John
Chaney, and Maria Y.L. Ravenal, Plaintiffs-Appellants,
v.
Donald P. HODEL, Secretary of the United States Department
of the Interior; Maxwell T. Lieurance, State Director,
Wyoming State Office, Bureau of Land Management, Department
of the Interior; Glenna M. Lane, Chief, Oil and Gas
Section, Wyoming State Office, Bureau of Land Management,
Department of the Interior; Resource Service Company, Inc.,
Pamela J. Haley, R.L. Haley, Stefan Eusch, Werner Klomsdorf,
Edwin Reger, E.H. Mulder, Kenneth Cherwin, and Chicago
Millmen's Inc., Defendants-Appellees.
 No. 84-2411.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 30, 1986.
 
 Rocky L. Edmonds of Riske, Edmonds & Darrow, Cheyenne, Wyo., and Melvin E. Leslie, Salt Lake City, Utah, for plaintiffs-appellants.
 F. Henry Habicht II, Asst. Atty. Gen., Jacques B. Gelin and Arthur E. Gowran, Attys., Dept. of Justice, Washington, D.C., and Richard A. Stacy, U.S. Atty., and Francis Leland Pico, Asst. U.S. Atty., Cheyenne, Wyo., for defendants-appellees Donald P. Hodel, Maxwell T. Lieurance, and Glenna M. Lane.
 Thomas W. Ehrmann and David B. Kern of Quarles & Brady, Milwaukee, Wis., of counsel: Jerome F. Statkus of Bagley, Hickey, Evans & Statkus, Cheyenne, Wyo., for defendants-appellees Resource Service Co., Inc., Pamela J. Haley, R.L. Haley, Stefan Eusch, Werner Klomsdorf, Edwin Reger, E.H. Mulder, Kenneth Cherwin, and Chicago Millmen's, Inc.
 Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs were second-priority drawees of Wyoming oil and gas leases that the Department of the Interior awarded in 1978 and 1979. Plaintiffs protested these drawings to the Bureau of Land Management (BLM), arguing that the winning drawees had violated the "sole party in interest" regulation in 43 C.F.R. Sec. 3102.7. The BLM dismissed this protest and plaintiffs appealed to the Interior Board of Land Appeals (IBLA), which remanded to the BLM for additional factfinding.
 
 
 3
 In 1982, after the additional factfinding, an administrative law judge recommended that the IBLA affirm the initial BLM dismissal. On March 9, 1983, the IBLA dismissed plaintiffs' protests. Geosearch, Inc. v. Resource Service Co., 71 IBLA 138 (1983). On June 6, 1983, plaintiffs filed a petition for reconsideration with the IBLA. On July 25, 1983, the IBLA denied the petition. Subsequently, on October 24, 1983, plaintiffs filed this action, seeking court review of the March 9th IBLA decision. The district court granted summary judgment for all defendants, finding plaintiffs' action time-barred under 30 U.S.C. Sec. 226-2 and 43 C.F.R. Sec. 4.21(c). We affirm.
 
 
 4
 The Mineral Lands Leasing Act, 30 U.S.C. Secs. 181-287, provides:
 
 
 5
 "No action contesting a decision of the Secretary involving any oil and gas lease shall be maintained unless such action is commenced or taken within ninety days after the final decision of the Secretary relating to such matter."
 
 
 6
 Id. Sec. 226-2 (emphasis added); see also 43 C.F.R. Sec. 3000.5. The Department of the Interior, under its own rulemaking powers, has supplemented 30 U.S.C. Sec. 226-2 by providing:
 
 
 7
 "(c) Finality of Decision. No further appeal will lie in the Department from a decision of the Director or an Appeals Board of the Office of Hearings and Appeals. Unless otherwise provided by regulation, reconsideration of a decision may be granted only in extraordinary circumstances.... The filing and pendency of a request for reconsideration shall not operate to stay the effectiveness of the decision involved unless so ordered by the Director or an Appeals Board. A request for reconsideration need not be filed to exhaust administrative remedies."
 
 
 8
 43 C.F.R. Sec. 4.21(c) (emphasis added). The literal language of these two rules appears to bar plaintiffs' appeal, which came seven months after the March 1983 IBLA decision. No stay of the March IBLA decision was ordered.
 
 
 9
 Plaintiffs argue that Sec. 4.21(c) only addresses when an IBLA decision will be sufficiently final to allow judicial review. The IBLA still can entertain a petition for reconsideration, plaintiffs point out, and, until the IBLA rules on such a petition, the parties will not know enough to proceed properly with a judicial appeal. Thus, they contend that the filing of a petition to reconsider must toll any limitations period.
 
 
 10
 The only case we have found that has dealt with this precise issue also involves one of the plaintiffs here, Geosearch, Inc.; the court in that case concluded that a petition for IBLA reconsideration does not toll the limitations period. Geosearch, Inc. v. Andrus, 494 F.Supp. 978 (D.Wyo.1980). We agree with the court's analysis in that decision. Its holding is supported by the general policy behind the ninety-day period for appeal, which is to quickly remove potential clouds on acreage subject to leasing. Sen.Rep. No. 1549, 86th Cong., 2d Sess., 4 reprinted in 1960 U.S.Code Cong. & Ad.News 3313, 3317 (explaining ninety-day rule in 30 U.S.C. Sec. 226-2). See also 43 C.F.R. Sec. 4.411 (thirty-day period for initial contest of Department decision; no time extensions allowed).
 
 
 11
 We therefore hold that 30 U.S.C. Sec. 226-2 and 43 C.F.R. Sec. 4.21(c) barred plaintiffs' appeal. These provisions are jurisdictional and cannot be ignored. See National Black Media Coalition v. FCC, 760 F.2d 1297, 1298-99 (D.C.Cir.1985) (even "excusable" failure to appeal FCC action within proper time requires dismissal).
 
 
 12
 AFFIRMED.