William REPPY, Plaintiff–Appellant,

v.

DEPARTMENT OF the INTERIOR OF the UNITED STATES; Donald P. Hodel, Secretary of the Interior of the United States; Bureau of Land Management, a Sub–Division of the Department; Interior Board of Land Appeals, a Segment of the Department's Office of Hearings and Appeals; Wyoming State Office of the BLM; Andrew S. Tarshis, Acting Chief, Oil and Gas Section of the Wyoming State Office; John Doe One, present officer in charge of Wyoming State Office; John Does Two through Ten, other persons who contributed in some way to the rejection of plaintiff's lease application, Defendants–Appellees.

No. 88–1437.

United States Court of Appeals, Tenth Circuit.

May 10, 1989.

William Reppy, pro se.

Roger J. Marzulla, Asst. Atty. Gen., Richard A. Stacy, U.S. Atty., and Carol A. Statkus, Asst. U.S. Atty., Cheyenne, Wyo., Martin W. Matzen and Angus E. Crane, Attys., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before LOGAN and EBEL, Circuit Judges, and COOK, District Judge.*

LOGAN, Circuit Judge.

Plaintiff William Reppy appeals the district court's affirmance of a decision by the Interior Board of Land Appeals (IBLA) rejecting Reppy's challenge to a denial of his oil and gas lease application for failure to comply with an administrative regulation. We affirm.[1]

Reppy was the successful drawee of an oil and gas lease in a random computer drawing conducted by the Wyoming State Office of the Bureau of Land Management (BLM) pursuant to an established leasing program. Reppy's lease application subsequently was rejected by the BLM, however, for failure to disclose, as required by BLM regulation 43 C.F.R. § 3112.2-4, the name of the filing service that assisted him in preparing the application. On appeal the IBLA entered a decision upholding the BLM's action on December 19, 1985. 90 I.B.L.A. 80 (1985). According to the record, Reppy filed a petition for reconsideration with the IBLA on January 6, 1986, and a revised petition for reconsideration on February 10, 1986.[2] Reppy's petition for reconsideration was denied on March 31, 1986. 91 I.B.L.A. 191 (1986). He then commenced the present action in district court on June 27, 1986, seeking review of the IBLA's decision.

■ Initially, the defendants argue that Reppy's request for judicial review was time-barred at the outset. The Mineral Lands Leasing Act provides:

"No action contesting a decision of the Secretary [of the Interior] involving any oil and gas lease shall be maintained unless such action is commenced or taken within ninety days after the final decision of the Secretary relating to such matter."

30 U.S.C. § 226-2; *see also* 43 C.F.R. § 3000.5. The Department of the Interior has supplemented § 226-2 by promulgating the following regulation:

"*Finality of decision.* No further appeal will lie in the Department from a decision of the Director or an Appeals Board of the Office of Hearings and Appeals. Unless otherwise provided by regulation, reconsideration of a decision may be granted only in extraordinary circumstances.... *The filing and pendency of a request for reconsideration shall not operate to stay the effectiveness of the decision involved unless so ordered by the Director or an Appeals Board.* A request for reconsideration need not be filed to exhaust administrative remedies."

43 C.F.R. § 4.21(c) (emphasis added).[3] Based on this statute and regulation, the defendants contend that because Reppy's

---

* The Honorable H. Dale Cook, Chief Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

2. Inexplicably, in the government's brief accompanying a motion to dismiss this appeal, and in Reppy's memorandum opposing that motion, both parties take the position that Reppy's petition for reconsideration was filed on March 31, 1986.

3. The following regulation, promulgated after the commencement of this suit, specifically addresses the finality and reconsideration of IBLA decisions:

"A decision of the Board shall constitute final agency action and be effective upon the date of issuance, unless the decision itself provides otherwise. The Board may reconsider a decision in extraordinary circumstances for sufficient reason. A petition for reconsideration shall be filed within 60 days after the date of a decision. The petition shall, at the time of filing, state with particularity the error claimed and include all arguments and supporting documents. The petition may include a request that the Board stay the effectiveness of the decision for which reconsideration is sought. No answer to a petition for reconsideration is required unless so ordered by the Board. The filing, pendency, or denial of a petition for reconsideration shall not operate to stay the effectiveness or affect the finality of the decision involved unless so ordered by the Board. A petition for reconsideration need not be filed to exhaust administrative remedies."

43 C.F.R. § 4.403.

suit was filed more than ninety days after the IBLA's initial decision, the action was barred despite the timely filing of the petition for reconsideration.

If this court's decision in *Geosearch, Inc. v. Hodel*, 801 F.2d 1250 (10th Cir.1986) (per curiam) (construing 30 U.S.C. § 226–2), was still viable, we would be compelled to agree with the defendants' position. But after this court decided *Geosearch*, in the context of a different administrative scheme, the Supreme Court held that the timely filing of a petition for reconsideration stayed the running of the applicable limitations period for seeking judicial review of the agency's action. *See ICC v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 284–85, 107 S.Ct. 2360, 2368–69, 96 L.Ed.2d 222, 237 (1987). The language of the controlling statute in that case, like that in 43 C.F.R. § 4.21(c) before us, declared that agency decisions were final for purposes of judicial review despite the pendency of reconsideration motions. Nevertheless, the Supreme Court found that such language merely "relieve[s] parties from the *requirement* of petitioning for rehearing before seeking judicial review ... but [does] not ... prevent petitions for reconsideration that are actually filed from rendering the orders under reconsideration nonfinal." 482 U.S. at 285, 107 S.Ct. at 2369, 96 L.Ed. 2d at 237 (emphasis in original). In other words, when a "petition for reconsideration has been filed within a discretionary review period specifically provided by the agency (and within the period alloted for judicial review of the original order), ... the petition tolls the period for judicial review of the original order." *Id.* at 279, 107 S.Ct. at 2366, 96 L.Ed.2d at 234 (footnote omitted).

In reaching its decision, the Court relied on prior constructions of similar "finality"

language contained in the Administrative Procedures Act, 5 U.S.C. § 704,[4] and concluded that it could not distinguish the language of § 704 from that of the statute under consideration. *Id.* at 285, 107 S.Ct. at 2369, 96 L.Ed.2d at 237. We likewise find no principled basis for distinguishing the language of § 704 from that appearing in 43 C.F.R. § 4.21(c), or in the recently adopted § 4.403. Although we noted in *Geosearch* that the ninety day time limit for seeking judicial review furthered a congressional policy of quickly removing clouds on land subject to leasing, 801 F.2d at 1252, almost every limitation period adopted in the agency context reasonably could be said to have as its purpose the speedy and expeditious resolution of conflicting claims of right. This interest, however, must be balanced against the competing interest of preventing the wasteful consumption of judicial resources when a timely petition for reconsideration has been filed and further administrative action could render judicial review unnecessary. This latter concern is reflected in the decisions of three of our sister circuits, which relied on *Brotherhood of Locomotive Engineers* to hold that parties are *precluded* from seeking judicial review of agency action during the pendency of a petition for reconsideration. *See United Transp. Union v. ICC*, 871 F.2d 1114 (D.C.Cir.1989); *West Penn Power Co. v. EPA*, 860 F.2d 581, 585, 586 (3d Cir.1988); *Winter v. ICC*, 851 F.2d 1056, 1062 (8th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988). We conclude that a timely petition for reconsideration tolls the ninety day limitations period contained in 30 U.S.C. § 226–2, and that *Brotherhood of Locomotive Engineers* has effectively overruled our decision in *Geosearch*.[5]

---

**4.** Section 704 provides as follows:

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.... Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile

is inoperative, for an appeal to superior agency authority."

**5.** Because this panel opinion overrules a prior decision, it has been circulated among all the judges of this court in regular active service. All judges have expressed agreement with the conclusions reached herein as to the effect of *Brotherhood of Locomotive Engineers* on our *Geosearch* opinion.

Our resolution of this issue also makes it unnecessary to address Reppy's argument that

Our review of the merits of this case involves a less arduous task than traversing the procedural path that brought us to this point. We will not reverse an act of an agency within the sphere of its statutory authority unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A); *see also Airporter of Colo., Inc. v. ICC,* 866 F.2d 1238, 1241 (10th Cir. 1989). When, as here, the BLM has strictly adhered to its regulations, we will uphold that action if it can be said to reasonably advance a statutory purpose. *See KVK Partnership v. Hodel,* 759 F.2d 814, 816–17 (10th Cir.1985). The question before us is whether strict application of the requirement of identifying a filing service on a lease application, which assisted in preparing that application, reasonably advances a statutory purpose.

As the district court observed, 43 C.F.R. § 3112.2–4 [6] was adopted to assist the BLM in policing prohibited multiple lease applications for the same land parcel by unscrupulous filing services attempting to secure more than one opportunity to draw a lease or an interest therein. *See* 43 C.F.R. § 3112.5–1; 48 Fed.Reg. 37,656 (1983). Clearly, strict adherence to this regulation furthers an implicit statutory purpose of having the public leasing program operate in a fair and equitable manner. *Cf.* 30 U.S.C. § 228 (denying benefits of grandfather clause to oil and gas lease claimants who fail to act honestly and in good faith). Reppy has produced no evidence indicating that the BLM has applied this regulation inconsistently or in an arbitrary manner. In fact, in 1983 the BLM gave public notice

affirming its intention to strictly enforce § 3112.2–4. *See* 48 Fed.Reg. 37,656 (1983).

Reppy also argues that his noncompliance should be excused on the ground that the BLM received notice of his filing service's assistance because he used its envelope for his application, and the money order accompanying his application was drawn on the filing service's bank with its account number embossed on it. To support this contention, Reppy points to his own declaration which was before the IBLA in which he related a telephone conversation that he allegedly had with a BLM official. He asserts that having inquired how the BLM knew a filing service had assisted him, the official responded that the BLM staff was familiar with the service's money orders and envelopes.

Even accepting this rendition of the facts, which we have no reason to doubt, plaintiff Reppy cannot prevail. It would be unreasonable to hold that the BLM is estopped to enforce its regulations because one of its employees may have noticed an envelope or recognized a bank account number as being that of a filing service. The BLM always will have acquired knowledge from some source—perhaps a complaining loser or an informant—before it disqualifies a lottery winner for not disclosing the assistance of a filing service. The agency does not act arbitrarily when it demands uniform compliance with an established and reasonable procedure for ascertaining significant information.

AFFIRMED.

the government waived a limitations defense by failing to raise it in its answer, *see* Fed.R.Civ.P. 8(c). Although this court stated in *Geosearch* that the limitations period of § 226–2 is jurisdictional, and thus not subject to waiver, we note that the Supreme Court has held that the limitations period for seeking review of agency denial of benefits under the Social Security Act is *not* jurisdictional and is subject to waiver. *Bowen v. City of New York,* 476 U.S. 467, 478 & n. 10, 106 S.Ct. 2022, 2029 & n. 10, 90 L.Ed.2d 462, 474 (1986); *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522, 538 (1975); *see also Johnson v. Heckler,* 769 F.2d 1202, 1208–09 (7th Cir.1985), *vacated on other grounds sub nom., Bowen v. Johnson,* 482 U.S. 922, 107 S.Ct.

3202, 96 L.Ed.2d 690 (1987). Whether there is a valid basis for treating the limitations period in § 226–2 differently from that addressed in *Bowen* is left for another day.

6. This regulation provides as follows:

"Any applicant receiving the assistance of any person or entity which is in the business of providing assistance to participants in the Federal simultaneous oil and gas leasing program *shall indicate on the lease application the name of the party or filing service that provided assistance.*"
BLM Simultaneous Filing, Filing Assistance, 43 C.F.R. § 3112.2–4 (1987) (emphasis added).